# Commonwealth *versus* Erie and Western Transportation Company.

1. A corporation chartered in 1865, by a special Act of the Legislature which conferred the unconditional "privilege of increasing its capital stock from time to time," cannot be required, upon an increase of its capital stock, to pay the bonus which, by the general Act of April 18th, 1874, is required to be paid by all corporations upon an increase of capital stock under that Act. To require such payment would impair the obligation of the contract contained in the charter, within the prohibition of Art. I., sec. 10, of the Constitution of the United States.

2. There is an essential distinction between a tax and a bonus. The legislative power of taxation is limited only by its own sovereignty; a bonus implies a consideration for something conferred, and where the corporation receives nothing beyond what it possessed by its charter, the legislature cannot exact additional consideration.

June 4th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county:* Of May Term, 1884, No. 24.

[Commonwealth v. Erie and Western Transportation Co.]

This was, in the court below, an appeal by the Erie and Western Transportation Company, from a settlement of account made by the accounting officers of the Commonwealth, charging said corporation with the sum of $2,500, claimed to be due as a bonus upon an increase of the capital stock thereof.

Among the specifications of objections to the account were the following:

2. The charter granted by the State of Pennsylvania to, and accepted by, the Erie and Western Transportation Company prior to May 1st, 1868, conferred upon said company power to increase its capital stock from time to time, and did not require the payment of any bonus for the privilege of so increasing, and if the Act of May 1st, 1868, the Act of April 18th, 1874, or any other Act of Assembly, requires the company to pay a bonus upon the increase of its capital stock, then the said Act imposes a condition not contained in the charter upon the exercise of a privilege conferred by, and accepted as, part of the charter, and is in conflict with section ten of article one of the Constitution of the United States, which forbids any state to pass any law impairing the obligation of contracts, and is therefore void.

5. The seventh section of the Act of April 18th, 1874, does not require the payment of a bonus by any company except such as "shall increase its capital stock under the provisions of this Act." The Erie and Western Transportation Company did not increase its capital stock under the provisions of that Act, and is not, and was not, subject to the requirements of the seventh section or any of the other sections of said Act.

By agreement filed, the case was tried without a jury, as provided by the Act of April 22d, 1874, before SIMONTON, P. J., whose findings of fact and conclusions of law were as follows:

The company defendant was incorporated by special Act of Assembly, approved June 21st, 1865 (P. L. 850), and organized and commenced business prior to May, 1868. Its charter provided: "That the capital stock of said company shall be divided into shares of fifty dollars each, and shall consist of ten thousand shares, with privilege of increasing the same from time to time." It had made such increase that, on and prior to July, 1881, its capital stock amounted to $2,000,000, and on July 20th, 1881, it was increased to $3,000,000. In making this increase the defendant did not adopt or recognize the provisions of the Act of April 18th, 1874 (P. L. 61), regulating the mode of increasing the capital stock of corporations, but held an election and gave to the Auditor General notice of the increase in the manner provided in section 5 of

11 OUTERBRIDGE.—8

[Commonwealth *v.* Erie and Western Transportation Co.]

an Act to incorporate the Pennsylvania company, approved April 7th, 1870, which, by a supplement approved May 9th, 1871, had been made part of the charter of defendant. ·

No bonus having been paid upon this increase, the settlement appealed from in this case was made, charging defendant therewith. From this settlement defendant appealed in due form, and filed several specifications of objections.

We do not deem it necessary to consider any of these except the second and fifth, which are in substance :

That the defendant was chartered by the legislature prior to the passage of the Act of May 1st, 1868, and prior, of course, to the Act of April, 1874, under which the bonus is claimed and the settlement made, and was authorized in its charter to increase its capital stock without the payment of any bonus; and therefore if either of these Acts requires it to pay a bonus upon such increase it thereby "imposes a condition, not contained in the charter, upon the exercise of a privilege conferred by and accepted as part of said charter, and is therefore in conflict with section 10 of article I of the Constitution of the United States, which forbids any state to pass any law impairing the obligations of a contract."

It is argued, on behalf of the Commonwealth, that the Act of April 18th, 1874, merely provides a mode of procedure for the increase of capital stock which corporations, by their charters, have a right to make, and that under the doctrine of Bronson *v.* Kinzie, 1 How. 311, and kindred cases, many of which will be found cited and commented upon in Tennessee *v.* Sneed, 6 Otto 69, this is a valid exercise of legislative power, and does not impair the contract contained in defendant's charter.

This might readily be conceded were the only effect of the Act to prescribe the mode of procedure in making the increase. But, as the Act requires every corporation "accepting the same" to pay a bonus, and it is assumed by the Commonwealth that an increase made as prescribed in it would be an acceptance of the Act, it necessarily follows that if the Act applies to defendant at all it subjects it to the payment of a bonus not imposed by its charter, or by any general law existing at the time and applicable to it. And the same result would flow from the application of the provisions of section 15, Act of May 1st, 1868, to this company.

The simple question, therefore, is—Can the legislature, by Act subsequent to the granting of a charter which authorizes an increase of capital stock, exact the payment of a bonus upon the exercise of that authority without impairing the obligation of the contract evidenced by the charter?

It must be borne in mind that this is a bonus, and not a tax.

Were it the latter, there could be no question as to the power of the legislature to impose it by an Act passed subsequent to the granting of the charter. But there is a clear and substantial distinction between a bonus and a tax. The power of taxation is an incident of sovereignty, and is co-extensive with that of which it is an incident. All subjects, therefore, over which the sovereign power of the state extends, are, in its discretion, legitimate subjects of taxation ; and this may be carried to any extent to which the government may choose to extend it: Cooley on Taxation 4. This power exists from necessity, it does not rest upon contract, nor does it imply a consideration in any ordinary sense of that term.

On the other hand, the idea of a consideration is always present when we speak of a bonus. Bouvier defines it thus: " A premium paid to a grantor or vendor, as—the bank paid a bonus to the state for its charter. A consideration given for what is received." So in Railroad Company *v.* Maryland, 21 Wall. 456, the distinction between a tax and a bonus is clearly drawn, and the stipulation contained in the charter of the Baltimore and Ohio Railroad Company, requiring it to pay to the state of Maryland one fifth of the whole amount received by it for the transportation of passengers, is declared on page 473, to be nothing more or less than a bonus, such as a state has a right to exact for the grant of a franchise, and on the facts of that case the law imposing it was held valid, because it was a bonus and not a tax.

In the case before us the legislature did not stipulate in the contract (the charter) for the payment of any bonus. This was no part of the consideration upon which the charter was granted and accepted. But the attempt is now made by one of the parties to the contract to exact an additional consideration, and to impose an additional burden upon the exercise of one of the rights granted in the charter.

This cannot be done. It would impair the obligation of the contract entered into when the charter was granted, and hence is forbidden by the Constitution of the United States, which is the supreme law of the land.

If it be thought that authority is needed for so plain a proposition, it may be found in Hays *v.* Commonwealth, 1 Norris 518, and Pennsylvania Railroad Co. *v.* Langdon, 11 Norris 24.

We concede some force to the argument that the authority of the latter case is somewhat weakened by the fact that in Johnson *v.* Crow, 6 Norris 184, it had been decided that even where the original Act amounted to a contract, a supplement thereto which " required no new duty, and no compensation to the state," did not become part of the contract, and was not protected by the constitutional prohibition, and that this

principle has been recognized in a recent case, but this does not weaken the force of Hays *v.* Commonwealth, in which the contract insisted on was contained in the original charter, as is the fact in the case before us. The principle cannot be affected by the largeness or smallness of the bonus claimed. If the legislature have the power to require the payment of one quarter of one per cent. they have the same power to exact fifty or one hundred per cent.

We hold that to require the payment of the bonus charged in the settlement appealed from in this case would impair the obligation of the contract between the Commonwealth and the defendant contained in its charter, by exacting an additional price not stipulated for when the same was granted, and we, therefore, direct judgment to be entered for the defendant, unless exceptions be filed by the Commonwealth according to law.

The commonwealth filed the following exceptions to the foregoing decisions:

1. The court erred in deciding as follows: "We hold that to require the payment of the bonus charged in the settlement appealed from in this case would impair the obligation of the contract between the Commonwealth and the defendant contained in its charter, by exacting an additional price not stipulated for when the same was granted."

2. The court erred in deciding that the Act of April 18th, 1874, did not apply to the defendant corporation in respect to the increase of capital stock in question.

3. The court erred in directing judgment to be entered for the defendant, and in not directing judgment to be entered for the Commonwealth.

The court overruled the exceptions and judgment was entered for defendant, in accordance with the foregoing decision, whereupon the Commonwealth took this writ of error, assigning for error the overruling of said exceptions, and the entering of judgment for defendant.

*Robert Snodgrass*, deputy attorney-general, (*Lewis C. Cassidy*, attorney-general, with him) for the plaintiff in error.—The legislative power to impose the bonus in question is sustainable either (1) under the taxing power, or (2) its general power to modify the charter by prescribing the terms and mode by which the corporation shall exercise its chartered rights, subject to which right the charter was granted.

1. All legislation which has for its object the raising of revenue for public needs is essentially tax legislation. It matters not what name may be given it, if it is imposed " for the supply of the public treasury " it has all that is necessary

to constitute it a tax. Hence it is that local assessments for the opening, grading, and paving of streets, licenses, imposts, or duties on imported goods, and even labor on the highways have been held to be included within the general term "tax" or "taxes," where there was a plain intent in the taxing statute itself so to include them: Burroughs on Taxation, § 5; Hammett v. Philadelphia, 15 P. F. S. 151; Phila. Ass'n v. Wood, 3 Wr. 82.

Prior to the Act of May 1st, 1868, there had been no uniformity in the charging of bonus, each charter specifying a special rate, and some charging none at all. That Act is entitled " an Act to revise, amend and consolidate the several laws *taxing* corporations, brokers and bankers," and it established, inter alia, a uniform rate of *bonus* on the increase of stock of corporations. The intent to include bonus within the general sense of "taxing" corporations is clear, and such was the contemporaneous construction of the Act during the period of six years which elapsed prior to the Act of 1874, which supplied a fuller and more complete method, applicable to all corporations. By the subsequent increase of its capital stock the defendant corporation must be held to have accepted the Act of 1874, which did not trench upon any of its vested rights but only provided a method of procedure for the exercise of those rights, under conditions which it was entirely competent for the legislature to impose.

The court, we submit, erred in deciding that a bonus was in no sense a tax, and that therefore the legislature had no power to impose it.

2. As the supplement of 1871, to defendant's charter, imported no additional consideration and could be modified or repealed, the original charter of 1865 is all that evidences the contract, which, it is claimed is impaired by the bonus clause of the Act of 1874. The utmost it can claim under that Act is a bare right to increase, and whilst the grant itself may imply a power to exercise it, yet the method of its exercise remained subject to the control of the legislature, under such conditions as it might see fit to impose. Practically, the legislature has said to this corporation, by its grant, " You may increase your capital stock from time to time, as you see fit, but we reserve the right to say, at any time, in what manner and under what conditions you shall do so."

Moreover, the charter of 1865 was of course subject to the constitutional amendment of 1857, providing that the legislature shall have the power to alter, revoke, or annul the charter of incorporation, but, in such manner that no injustice shall be done to the corporators: Railway Co. v. Maine, 6 Otto 510; Chincleclamouche Lumber Co. v. Com'th, 4 Out.

[Cumberland *v.* Trickett.]

438; Thompson *v.* Com'th, 31 P. F. S. 322; Zimmerman *v.* Turnpike Co. 30 Leg. Int. 46.

*M. E. Olmsted,* for the defendant in error.

The judgment of the court was filed October 6th, 1884.

PER CURIAM: This judgment is affirmed on the opinion of the able judge in the court below.