## Commonwealth, Appellant, v. Buffalo, Rochester & Pittsburg Railway Company.

*Railroads—Consolidation—Taxation—Bonus— Act of March 24, 1865, P. L. 49.*

A railroad company formed under the Act of March 24, 1865, P. L. 49, by the consolidation of a Pennsylvania company and a New York company, has all the rights and franchises of the merging companies, and if the Pennsylvania company has the right under the act of June 4, 1883, to increase its capital stock up to $150,000 per mile without payment of bonus, the consolidated company has the same right.

Argued June 2, 1903. Appeal, No. 11, May T., 1903, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket 1902, No. 233, on case tried by the court without a jury in suit of Commonwealth v. Buffalo, Rochester & Pittsburg Railway Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.

WEISS, P. J., found the facts to be as follows:

1. The Pittsburg and State Line Railroad Company was incorporated October 23, 1885, in conformity with the provisions of the Act of April 4, 1868, P. L. 62, known as the general railroad act, and by it and the supplement thereto of June 4, 1883, P. L. 67, was authorized to increase its capital stock to an amount not exceeding $150,000 per mile.

2. Its length was 87.22 miles, and on March 11, 1887, it was merged by authority of the Act of March 24, 1865, P. L. 49, and also by authority of laws of the state of New York, into and with a line of railroad built under the provisions of the laws of the state of New York and connecting with it at a point on the line dividing the two states, under the name of the defendant company.

3. On August 20, 1902, the defendant increased its capital stock $1,000,000 and from that time the total of its capital stock with the amount authorized and issued prior to the approval of the Act of May 3, 1899, P. L. 189, was $13,000,000.

4. By the terms of the act authorizing the consolidation, the

rights, privileges and franchises, and all the property and choses in action of the merging companies were, upon the consummation thereof vested in the merged company "without further act or deed."

5. No bonus was exacted from the company or companies merging nor the merged company defendant, by the act of 1865, the act of 1868, or the act of 1883, nor before the passage of the act of May 3, 1899, unless the general corporation act of 1874, P. L. 73, and its supplement of June 15, 1897, P. L. 155, amending the 44th section of said act, which require a bonus from "every company incorporated by or under the provisions of this act, or accepting the same," so impose it upon the defendant company.

6. The commonwealth settled an account against the defendant August 21, 1902, $1,000,000 increase of capital equal to $3,333.34 "as per act of May 1, 1868, and supplements thereto," which should probably read as per act of May 3, 1899, particularly as the former act excepts railroads from its operation and as we are not otherwise advised. The defendant took an appeal from this settlement and the specifications of objection raise the question of liability.

The court entered judgment for defendant. Commonwealth appealed.

*Error assigned* was the judgment of the court.

*Frederic W. Fleitz*, deputy attorney general, with him *Hampton L. Carson*, attorney general, for appellant.

*M. E. Olmsted*, with him *A. C. Stamm*, for appellee.

Opinion by Mr. Justice Brown, October 12, 1903 :

This case was argued with Commonwealth v. Buffalo & Susquehanna Railroad Company, No. 7, May Term, 1903, and, for the reasons given in the opinion filed in that case, the judgment must be affirmed. Though the merger was of the Pittsburg and State Line Railroad Company, a Pennsylvania company incorporated under our Act of April 4, 1868, P. L. 62, with the Buffalo, Rochester & Pittsburg Railroad Company, a New York corporation, in section 4 of the Act of March 24,

1865, P. L. 49, there is a provision similar to that in the act of 1861, by which all the rights, privileges and franchises of each of such combining companies vest in them jointly upon their consolidation.

Judgment affirmed.