# Commonwealth, Appellant, *v.* American Steel Hoop Company.

*Corporations—Foreign corporations—Bonus upon capital employed in Pennsylvania—Act of May 8, 1901, P. L. 150.*

A foreign corporation which was in this state with a portion of its capital employed here before May 8, 1901, is not within the provisions of the Act of May 8, 1901, P. L. 150. It is not liable for a bonus either on the amount of capital which it had employed in this state prior to May 8, 1901, or upon any portion of its capital subsequently brought in and employed here.

Argued May 24, 1909. Appeal, No. 6, May T., 1909, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1906, No. 530, for defendant on case tried by the court without a jury in suit of Commonwealth ex rel. Attorney-General v. American Steel Hoop Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from tax settlement.

The court in an opinion by KUNKEL, J., entered judgment for defendant on case tried by the court without a jury.

*Error assigned* was in entering judgment for defendant.

*Frederic W. Fleitz*, deputy attorney-general, with him *J. E. B. Cunningham*, assistant deputy attorney-general, and *M. Hampton Todd* attorney-general, for appellant.

*M. E. Olmsted*, with him *A. C. Stamm*, for appellee, cited: Com. v. Danville Bessemer Co., 207 Pa. 302.

OPINION BY MR. JUSTICE BROWN, October 11, 1909:

The bonus which the commonwealth would exact from the appellee, a corporation organized under the laws of New Jersey and engaged in business here, is claimed under the Act of May 8, 1901, P. L. 150. By that act a bonus of one-third of one per centum is imposed upon the capital of foreign corporations actually employed or to be employed wholly within this state, and a like bonus is imposed upon each subsequent increase of capital so employed. In Com. v. Danville Bessemer Co., 207 Pa. 302, the claim of the commonwealth was for a bonus upon the capital of the company which had been employed in this state prior to the passage of the act of 1901, and, in sustaining the lower court's disallowance of the claim, we held that the act did not affect that portion of the capital which was wholly employed here at the time of its passage. In the present case it is conceded that, under that ruling, the commonwealth is not entitled to a bonus upon $2,820,424.34, the amount of capital which the appellee had employed here prior to May 8, 1901, but a claim is made for the bonus upon that portion of the capital subsequently brought and employed here, amounting to $1,596,078.58. This claim was disallowed by the learned court below for two reasons, first, because it was of opinion that we had decided in the Danville Bessemer Company case that the act of 1901 did not apply at all to foreign corporations which were engaged in business and employing a portion of their capital here at the time of the passage of that act, and, second, even if the legislature did intend to impose a bonus upon capital employed after the passage of that act by corporations that had come here prior to its passage in pursuance of the provisions of the Act of June 9, 1881, P. L. 89, and its supplements, such imposition would be in violation of sec. 10, art. 1, of the constitution of the United States, which declares that no state shall pass any law impairing the obligation of contracts.

In Com. v. Danville Bessemer Company the question be-

fore the court was the right of the commonwealth to collect a bonus from the company on capital employed here prior to May 8, 1901, and that case is not to be regarded as authority for anything else than that such capital is immune, but the learned president judge of the court below was clearly right in his view that its reasoning applies with equal force to this claim. A certain class of foreign corporations, of which the appellee was one, transacting business and employing capital here prior to May 8, 1901, were doing so practically on invitation from us, and it is not disputed that the appellee in coming had observed all the terms of the legislative invitation extended to it. By the act of June 9, 1881, and its supplements, manufacturing corporations like the appellee were encouraged to come and invest their capital here by the permission given them to purchase and hold real estate necessary and proper for their corporate purposes, and each corporation so coming knew the terms upon which it was to come and the right given it to invest some of its capital here in land. These terms included no bonus, which is not a tax, but a consideration for the grant of a privilege or franchise: Com. v. Erie & Western Transportation Co., 107 Pa. 112. The appellee claims no privilege and is not attempting to exercise any franchise which it did not possess under our statutes prior to May 8, 1901, and nothing but a clear expression of the legislative intent that it must pay a bonus upon that portion of its capital brought here since May, 1901, will subject it to the same, even if it be conceded that the legislature had the power to do so. We need not now repeat the reasons given in Com. v. Danville Bessemer Company why the act of 1901 was intended to be operative only upon corporations coming into the state after its passage. For those reasons we now hold, because the question is now before us, that a foreign corporation which was here with a portion of its capital employed here before May 8, 1901, is not within the provisions of the act approved that day. At that time the appellee had invested in its plant here the sum of $2,820,424.34. To successfully further conduct its business and protect and render useful the investment of capital it had already made in this state, it be-

came imperative upon it to remodel and reconstruct its plant. The remodeling and reconstruction were progressing on May 8, 1901, and it is hardly to be assumed for a moment that on that day the legislature intended to say to the appellee that its improvements must cease, and its plant could not be re-modeled or reconstructed in the effort it was making to save the almost $3,000,000 which it had already invested in compliance with the terms of the state's invitation to do so, unless it paid a bonus for the privilege of saving its jeopardized property.   No such legislative intent can be gathered from the statute.   For the first reason given by the learned president judge of the court below, as set forth in his opinion, the judgment is affirmed.   We are not called upon to consider the second.

Judgment affirmed.