COMMONWEALTH OF PENNSYLVANIA v. YORK SILK MFG. CO.

(Circuit Court of Appeals, Third Circuit.   December 6, 1911.)

No. 33 (1,535).

1. BANKRUPTCY (§ 321*)—AMOUNT OF CLAIMS PROVABLE—PENALTIES OWING TO STATE.

Bankr. Act July 1, 1898, c. 541, § 57j, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), which provides that debts owing by a bankrupt to a state as a penalty shall not be allowed except for the amount of the pecuniary loss sustained by the transaction out of which the penalty arose, is applicable to the penalty imposed on a corporation for a failure to report and pay to the state the amount of the bonus prescribed on an increase of its capital stock by Act Pa. Feb. 9, 1901 (P. L. 5) § 3.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 321.*]

2. BANKRUPTCY (§ 346*)—DEBTS HAVING PRIORITY—"TAX."

The bonus required by Act Pa. Feb. 9, 1901 (P. L. 5) § 3, to be paid to the state by a corporation on an increase of its capital stock, is not a tax and is not entitled to preference as such, under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901. p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. § 346.*

For other definitions, see Words and Phrases, vol. 8, pp. 6867–6886; vol. 8, p. 7813.]

3. BANKRUPTCY (§ 346*)—DEBTS HAVING PRIORITY—TAXES.

The Pennsylvania statutes requiring corporations on payment of interest on their bonds, if the holder be a resident of the state, to deduct from the interest the tax imposed on such bonds, and pay the same into the state treasury, does not make the tax one against the corporation, but it remains a tax against the bondholder, which the corporation is charged with the duty of collecting, and the amount of such tax is not a preferential debt against the estate of the corporation in bankruptcy under Bankr. Act July 1, 1898. c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 346.*]

Petition for Review on Order of the District Court of the United States for the Middle District of Pennsylvania.

In the matter of the York Silk Manufacturing Company, bankrupt. On petition of the Commonwealth of Pennsylvania to review an order (188 Fed. 735) relating its claims. Affirmed.

Aaron V. Bower and Clarence B. Miller (John F. Kell, on the brief), for the Commonwealth of Pennsylvania.

Henry C. Niles, for respondent.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The commonwealth of Pennsylvania has filed with the referee in bankruptcy a claim against the bankrupt, the York Silk Manufacturing Company, arising out of the following facts: On or about June 25, 1904, the bankrupt increased its capital stock from $1,800,000 to $5,000,000. The Pennsylvania law (P. L. 1901, p. 5, § 3) then provided that, upon the actual increase of the capital stock of a corporation—

"it shall be the duty of the president or treasurer of such corporation, within thirty days thereafter, to make return to the Secretary of the com-

monwealth, under oath, of the amount of such increase actually made, and concurrently therewith such corporation shall pay to the State Treasurer, for the use of the commonwealth, such bonus on the actual increase shown by said return as shall then be prescribed by law."

It further provided that:

"In case of neglect or omission to make said return, such corporation shall be subject to a penalty of five thousand dollars, in addition to the bonus, which penalty shall be collected on an account settled by the Auditor General and State Treasurer as accounts for taxes due the commonwealth are settled and collected."

No return of the increase was made until October 19, 1910, which was a month after the corporation had been adjudged bankrupt. The bonus, amounting to the sum of $10,666.67, and the penalty of $5,000, are two of the items in the commonwealth's present claim, which claim, the commonwealth insists, is a preferred one under section 64a of the bankruptcy act. That section declares that:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality in advance of the payment of dividends to creditors."

[1] The District Court, affirming the decision of the referee (188 Fed. 735), disallowed the penalty item, but without prejudice to the right of the commonwealth to present a claim under section 57j of the bankruptcy act; and, as to the bonus item, held it not to be a tax, but a consideration payable to the commonwealth for a privilege conferred. The bonus item was therefore allowed as a general but not preferred claim. Section 57j expressly declares that a debt owing to a state as a penalty shall not be allowed except for the amount of the pecuniary loss sustained by the transaction out of which the penalty arises. The order of the District Court permits the commonwealth to prove for that loss.

[2] The Supreme Court of Pennsylvania, we are advised, has never construed the Pennsylvania act of 1901 respecting the payment of a bonus when the capital stock of a corporation is increased, but it has several times distinguished between a bonus and a tax. Commonwealth v. Erie & Western Trans. Co., 107 Pa. 112; Commonwealth v. Bessemer Co., 207 Pa. 302, 56 Atl. 871; Commonwealth v. Bailey, etc., Co., 20 Pa. Super. Ct. 210; Commonwealth v. American Steel Hoop Co., 226 Pa. 6, 74 Atl. 617. See, also, Railroad Co. v. Maryland, 21 Wall. 456, 22 L. Ed. 678.

Unless the item of $10,666.67, called a bonus by the statute, is in reality a tax within the meaning of section 64a of the bankruptcy act, the decision of the court below is correct. It is contended by counsel for the commonwealth that the act of 1901, on which the claim for a bonus is based, differs from the preceding acts construed in the cases above cited, in this: That in the act of 1901 the bonus is payable within 30 days after the actual increase of the capital stock while in the preceding statutes it was payable before the increase. The argument is to the effect that the preceding statutes required payment of the bonus as a condition precedent to the grant of the right to increase capital stock, and therefore as a consideration for the grant,

but that, as under the act of 1901 the bonus is to be paid after the grant of the right, it is not a consideration for the grant but a tax. The argument is not convincing. The Legislature denominated the payment a "bonus." A bonus is a debt, and, as a consideration for a grant by the state, it may be payable before or after the grant according to the terms of the statutory contract. To hold that the bonus required to be paid by the act of 1901 is a tax means that a corporation's right to increase its capital stock is gratuitously granted by the state—a conclusion that is clearly opposed to the policy of the commonwealth of Pennsylvania established by a series of statutes that have long been in force. Several of them were enacted in the year 1901 (see P. L. 1901, pp. 5, 149, 150, 270 and 351).

[3] It appears, also, that the bankrupt on September 1, 1908, issued its bonds for the sum of $750,000, and secured them by a mortgage upon its real estate. By a statute of the state of Pennsylvania it is made the duty of the treasurer of a corporation, upon the payment of interest on any bond of the corporation, if the holder be a resident of Pennsylvania, to deduct from the interest the tax imposed by the state upon such bond and pay the same into the state treasury. This is a tax against the holder of the bond, and not against the corporation. The corporation, acting through its treasurer, is charged with the duty of collecting the tax and paying it over to the state. If it fails so to do, it becomes liable to the state for the amount of the tax and the penalty prescribed. Such is the purport of the decisions. In re Wyoming Valley Ice Co. (D. C.) 145 Fed. 267, 16 Am. Bankr. Rep. 594; Commonwealth v. Railroad Co., 186 Pa. 247, 40 Atl. 1132. But there is nothing in the law giving to the state a preferred claim against the corporation whose treasurer has failed to collect the tax or to pay it over to the state. Consequently the item of $2.640 in the claim now under consideration for "tax on corporate loans in the amount of $750,000 for 1909, and 10 per cent. penalty," is not allowable as a preferred claim, but, as the court below held, is allowable as a general one.

There is one other item in the claim. It is for $500 for "penalty for failure to file capital stock reports, 1903 to 1909, inclusive." This item, like the one for $5,000 above mentioned, the court below disallowed without prejudice to the filing of a new claim under section 57j. This is all the commonwealth can properly ask for.

The order of the District Court is affirmed, with costs.