## APPEAL OF LOGAN-GREGG HARDWARE CO.

Docket No. 1860.  Submitted July 9, 1925.  Decided September 28, 1925.

    1. Fees paid to a State on account of the increase of the capital stock of a corporation are capital expenditures and are not deductible in computing net income.

    2. In a case decided on petition and answer, a corporation claiming special relief under the Act of 1918 on the ground of abnormality, may not rest its case on the mere allegation that invested capital and net income were affected by abnormal conditions, but it must also show that it is not within the proviso of subdivision (d) of section 327 making that subdivision inapplicable where the tax is high because the corporation earned a high rate of profit upon a normal invested capital, or where 50 per cent or more of its gross income was derived on a cost-plus basis from Government contracts or contracts made during the war period.

*Donald Horne, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the years 1918, 1919, and 1920, in the amount of $14,561.06.  Subsequent to the filing of the petition of the taxpayer and the answer of the Commissioner, the taxpayer filed a motion reading as follows:

Now comes the appellant in the above entitled appeal and moves that the appeal be determined on the basis of the Commissioner's answer.

The facts alleged in the petition and admitted in the answer are as follows:

FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation with its principal office in Pittsburgh.

In 1918 the taxpayer increased its capital stock from $500,000 to $1,000,000.  In 1919 it paid to the Secretary of State on account of the increase in capitalization a fee of $343.47.

The taxpayer sold certain real estate in 1919 for $132,000.  This property cost approximately $130,000 in 1905.  Its fair market value on March 1, 1913, was alleged by the taxpayer to have been $222,300, and the taxpayer claims a deductible loss on the difference between the sale price and the alleged value on March 1, 1913.  The Commissioner denies the March 1, 1913, value claimed by taxpayer, but does not assert a tax upon any profit alleged to have been made from the transaction.

The taxpayer alleges:

5. The facts upon which the taxpayer relies as the basis of its appeal are as follows: * * *

(c) * * * that abnormal conditions affected its invested capital and net income, and that the excess profits tax assessed against it for said year was higher in proportion to its net income than the average tax of representative corporations engaged in a like or similar trade or business was in proportion to the average net income of such corporations.

This allegation the Commissioner answers in the following language:

Denies that the material allegations of fact contained in paragraph five (c) are sufficient to sustain the alleged error mentioned in paragraph four (c) of the petition,

namely, that relief under section 328 of the Revenue Act of 1918 for the years 1918, 1919, and 1920, was denied.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: The first point alleged above, that is, that the taxpayer is entitled to deduct in 1919 a fee of $343.47, paid to the Commonwealth of Pennsylvania on account of an increase in capital stock, must be disposed of on the assumption that the sum paid represented a fee and not a tax. Taxes are deductible without regard to their relations to capital or to income transactions. *United States* v. *Woodward*, 256 U. S. 632. But fees must rest upon a different basis and we must take the allegation here as we find it. The fee is alleged to have been paid for the authorization to increase the capital stock, a capital transaction, and it is therefore not deductible.

The second point is disposed of by the decision of the United States Supreme Court in *United States* v. *Flannery*, 268 U. S. 98.

This brings us to the third and last of the allegations of the taxpayer. If the allegations above quoted in paragraph 5 (c) are all the allegations of ultimate fact necessary to meet the conditions imposed by section 327 of the Revenue Act of 1918, then, under the answer of the Commissioner admitting, for the purpose of the motion, those facts as true, we must find that the taxpayer is entitled to have its tax computed under the provisions of section 328 of that Act. If, on the other hand, the so-called facts pleaded are mere propositions of law, or if they are not all the facts required by section 327, we must find that the taxpayer has not pleaded facts sufficient to state a cause of action, and must sustain the Commissioner in his determination. Assuming the facts pleaded to be ulti-

mate facts and not conclusions of law, we find, by an examination of the facts laid down as conditions precedent in section 327 to assessment under the provisions of section 328, that the first fact as set forth in that section is as follows:

\* \* \* That the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship, evidenced by gross disproportion between the tax computed without the benefit of this section and the tax computed by reference to the representative corporations specified in section 328.

It would appear that the above requirement is matched by the pleadings in paragraph 5 (c). But the section of the Act goes on to provide:

This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived on a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

The pleadings of the taxpayer are silent as respects these conditions laid down in the proviso in section 327. We must conclude, therefore, as judgment is asked on the pleadings, that the taxpayer has not proved that it is not within one or both of the above-mentioned provisos, and that it is not entitled to have its excess-profits tax computed under the provisions of section 328.

ARUNDELL not participating.