## Commonwealth v. Valvoline Oil Company.

*Philip S. Moyer*, Deputy Attorney-General, for plaintiff.
*Branden & Branden*, for defendant.

WICKERSHAM, J., Oct. 29, 1928.—It is agreed by counsel that a trial by jury be dispensed with in the above-stated case, and that the same be submitted to the decision of the court to be heard and determined under the provisions of the act entitled "An act to provide for the submission of civil cases to the

decision of the court, and to dispense with trial by jury," approved April 22, 1874, P. L. 109, subject, however, to appeal or writ of error, as in other cases, at the option of either party.

## Facts.

The following facts have been agreed upon:

1. The Valvoline Oil Company, the defendant, is a corporation organized and existing under the laws of the State of New Jersey. On July 3, 1901, it properly qualified to do business in Pennsylvania, and has since been continuously engaged in business in Pennsylvania since that date. It is authorized by its charter to conduct the business of refining and marketing petroleum products and oils, and during the calendar year 1926, the one here in question, was engaged in carrying on such business in Pennsylvania.

2. The Valvoline Oil Works, Limited, was organized as a limited partnership association on Nov. 12, 1908, in accordance with the terms of the Act of June 2, 1874, P. L. 271, to exist for a period of twenty years. On Dec. 31, 1924, it had a capital stock of an aggregate par value of $1,000,000, consisting of 10,000 shares of the par value of $100 per share, upon which it had paid bonus to the Commonwealth of Pennsylvania in the amount of $3333.34, in accordance with the terms of the Act of May 8, 1901, P. L. 149. The actual value of its total assets and property used in the conduct of its business in Pennsylvania was $2,437,538.78 on Dec. 31, 1924.

3. The Wilburine Oil Works, Limited, was organized as a limited partnership association on April 22, 1898, in accordance with the terms of the Act of June 2, 1874, P. L. 271, to exist for a period of twenty years, and was renewed in 1918 for a further period of twenty years. On Dec. 31, 1924, it had a capital stock of an aggregate par value of $500,000, consisting of 5000 shares of the par value of $100 per share, all of which it had issued prior to the approval of the Act of May 8, 1901, P. L. 149, which first imposed a bonus on the capital stock of limited partnership associations. It is admitted that the Wilburine Oil Works, Limited, as such, was not liable to a bonus on its capital stock in the amount of $500,000. The actual value of its total assets and property used in the conduct of its business in Pennsylvania was $1,593,503.24 on Dec. 31, 1924.

4. On Dec. 31, 1924, the defendant, the Valvoline Oil Company, being the owner of all their issued and outstanding capital stock, purchased and acquired the entire property and assets of the Valvoline Oil Works, Limited, and the Wilburine Oil Works, Limited, including all contracts and other rights and privileges used, or of use in connection with, or acquired for, the business carried on by both associations.

5. On April 27, 1925, the Valvoline Oil Works, Limited, was dissolved by decree of the Court of Common Pleas of Butler County, Pennsylvania, and on Sept. 7, 1925, the Wilburine Oil Works, Limited, was dissolved by decree of the Court of Common Pleas of Warren County, Pennsylvania.

6. In the bonus report of the Valvoline Oil Company for the calendar year 1926, filed with the Auditor General of Pennsylvania in accordance with the provisions of the Act of May 8, 1901, P. L. 150, the amount of capital shown to have been employed in Pennsylvania included the value of the tangible property and assets acquired from the Valvoline Oil Works, Limited, and the Wilburine Oil Works, Limited. In the final settlement of the bonus account made Aug. 1, 1927, by the Auditor General, approved Aug. 2, 1927, by the State Treasurer, from which this appeal is taken, the accounting officers found the tangible property employed in Pennsylvania to be $4,019,240. After allowing credit for finished products manufactured in Pennsylvania in the amount

of $423,685, and for bonus previously paid upon capital in the amount of $351,000, said accounting officers imposed bonus upon $3,244,555, which, at the rate of one-third of 1 per cent., amounted to $10,815.18. The $3,244,555 included the tangible property and assets taken over from the Valvoline Oil Works, Limited, and the Wilburine Oil Works, Limited. No bonus has been paid by the Valvoline Oil Works, Limited, or the Wilburine Oil Works, Limited, upon capital as such; that is, in the sense of property and assets, but the Valvoline Oil Works, Limited, had paid bonus upon a capital stock of $1,000,000, just as is done in the case of a Pennsylvania corporation, and the Wilburine Oil Works, Limited, had outstanding capital stock of $500,000 upon which it was exempt from bonus.

7. In the defendant's appeal, specification of objection No. 3, it is alleged that bonus was erroneously imposed upon "oil in process of manufacture in Pennsylvania" in the amount of $329,263.93. The defendant now abandons its position in this respect and admits liability for bonus on this item.

8. If, in the opinion of the court, the defendant is not entitled to a bonus credit on the capital which it employs in Pennsylvania on account of the bonus paid by the Valvoline Oil Works, Limited, and the Wilburine Oil Works, Limited, on their capital stock, then the amount of the bonus settled in the account hereby appealed from, to wit, $10,815.18, is correct, $6000 of which has been paid on account, and judgment should be entered in favor of the Commonwealth of Pennsylvania and against the defendant for $4815.18, together with interest, costs and Attorney-General's commission. Otherwise, judgment should be entered for the defendant.

## Discussion.

This is an appeal by the defendant from the settlement of its account by the Auditor General and State Treasurer. It appears from the record that the defendant, the Valvoline Oil Company, is a corporation organized and existing under the laws of the State of New Jersey. On Dec. 31, 1924, the defendant purchased and acquired the entire property and assets of the Valvoline Oil Works, Limited, and the Wilburine Oil Works, Limited, being partnership associations organized and doing business under the Act of 1874, including all contracts and other rights and privileges used, or of use in connection with, or acquired for, the business carried on by both associations. Thereafter, these partnership associations were dissolved by the Courts of Common Pleas of Butler and Warren Counties, Pennsylvania.

In the final settlement of the bonus account of the defendant corporation, made Aug. 1, 1927, by the Auditor General and approved by the State Treasurer, the accounting officers found the tangible property of the defendant employed in Pennsylvania to be $4,019,240, and, after making certain deductions, the accounting officers imposed bonus upon $3,244,555, amounting to $10,815.18.

It further appears that the Valvoline Oil Works, Limited, prior to the acquisition of its property by the defendant, paid a bonus on its capital stock of $1,000,000. The Wilburine Oil Works, Limited, had an outstanding capital stock of $500,000, but, being organized prior to the passage of the Act of 1901, was exempt from bonus.

It was agreed by counsel that if, in the opinion of the court, the defendant is not entitled to a bonus credit on the capital which it employs in Pennsylvania on account of the bonus paid by the Valvoline Oil Works, Limited, and the exemption of the payment of bonus by the Wilburine Oil Works, Limited, on their capital stock, then the amount of the bonus settled in the account

hereby appealed from is correct, $6000 of which bonus, charged to the defendant in the settlement of the accounting officers, has been paid, and judgment should be entered in favor of the Commonwealth of Pennsylvania and against the defendant for $4815.18, together with interest, costs and Attorney-General's commission; otherwise, judgment should be entered for the defendant.

The defendant claims credit on its bonus settlement for bonus paid by the Valvoline Oil Works, Limited, and a further credit because the Wilburine Oil Works, Limited, was exempt from payment of a bonus upon its capital.

In support of the contention of the defendant, its counsel relies upon Com. *v.* Erie & Western Transportation Co., 107 Pa. 112, which holds: "There is an essential distinction between a tax and a bonus. The legislative power of taxation is limited only by its own sovereignty; a bonus implies a consideration for something conferred, and where the corporation receives nothing beyond what it possessed by its charter, the legislature cannot exact additional consideration."

This authority turned upon the construction placed by the Supreme Court upon the Act of May 1, 1868, P. L. 108, which conferred upon the defendant company power to increase its capital stock from time to time, and did not require the payment of any bonus for the privilege of so increasing. This authority can have no application to the instant case, as we now have under consideration only the interpretation to be placed upon the Act of May 8, 1901.

Nor is the position of counsel for the defendant strengthened by Com. *v.* Danville Bessemer Co., 207 Pa. 302, upon which reliance is placed, and which holds that the intent of the Act of May 8, 1901, P. L. 150; imposing a bonus upon foreign corporations, is to affect only those foreign corporations which, after the passage of the act, locate their chief place of business or bring and actually employ any part of their capital wholly within the State. And Com. *v.* American Steel Hoop Co., 226 Pa. 6, holds that a foreign corporation which was in this State with a portion of its capital employed here before May 8, 1901, is not within the provisions of the Act of May 8, 1901, P. L. 150. These two cases are clearly distinguishable from the instant case, as they refer to corporations doing business in Pennsylvania prior to the passage of the Act of 1901, or which employed a part of their capital in this Commonwealth prior to the passage and approval of said act. We find nothing in either case which is in any way controlling upon the issue here to be determined.

Nor is defendant's case aided by Com. *v.* Martin Co., 6 Dauphin Co. Reps. 97; Com. *v.* Crucible Steel Co. of America, 7 Dauphin Co. Reps. 20; or Com. *v.* Matheson Automobile Co., 16 Dauphin Co. Reps. 14. In the case of Martin Co., it was held that the purchase of the capital stock of a domestic corporation by a foreign corporation is not such an employment of capital within the State as will render the purchasing company liable to the payment of bonus under the Act of May 8, 1901, P. L. 150. The case of Crucible Steel Co. of America holds only that the Act of May 8, 1901, P. L. 150, applies to foreign corporations, limited partnerships and joint-stock associations employing their capital in this State subsequent to its enactment, and otherwise affirms the last cited case as to the purchase of stock of a domestic company by a foreign corporation. And in the case of Matheson Automobile Co., it was held, a corporation which has purchased the property and franchises of another corporation at judicial sale is entitled to have, without payment of bonus, capital stock equal to the amount upon which bonus had been paid by the corporation whose property and franchises it purchased. It appears, however, that this purchase of the property and franchises of another corporation at judicial sale was made by a domestic corporation.

We find nothing in the authorities relied upon by counsel for the defendant, and to which reference is heretofore made, which relieves the defendant from the payment of the bonus charged against it in the settlement of the Auditor General and State Treasurer. The defendant is a foreign corporation organized and authorized to do business in Pennsylvania subsequent to the passage and approval of the Act of 1901. It admits that it has capital invested in the Commonwealth of Pennsylvania to the amount charged against it in the said settlement. Its only claim is that it should have credit for the bonus paid by one of the partnership associations whose business it purchased in 1924, and that it should have credit for the $500,000 capital of the other partnership association, which it purchased, and which, being organized prior to the Act of 1901, was not required to pay a bonus. We think this contention is not sound.

The Act of 1874, under which the above-stated partnership associations were formed, provides that they may have "capital;" nothing is said of "capital stock." The Act of May 8, 1901, P. L. 150, however, imposes bonus on the capital stock of limited partnerships organized under the Act of 1874, and it was upon capital stock rather than upon the property and assets of these two limited partnerships that bonus was paid or exemption allowed, and that credit is now asked by the defendant. The fact is that bonus was imposed upon the aggregate capital stock of the Valvoline Oil Works, Limited, exactly as in the case of a domestic corporation. The accounting officers did not attempt to impose bonus upon the value of the capital of this partnership association in the sense of total tangible property and assets, although these clearly exceeded the aggregate par value of the outstanding capital stock. The evident intention of the legislature was to place limited partnerships and other associations of like character upon the same basis as corporations having capital stock, in so far as the payment of a bonus for the privilege of issuing capital and increasing same was concerned: Com. v. Highspire Distillery Co., Limited, 242 Pa. 199, 200.

The amount of bonus is measured by the property employed here and by no other criteria. Bonus is not a tax. It is the consideration for the grant of a privilege or franchise. The bonus imposed upon domestic corporations is the consideration to the State for granting the charter: Com. v. Erie & Western Transportation Co., supra. The bonus imposed upon foreign corporations is the consideration for the privilege of doing business and using property in the State: Com. v. Danville Bessemer Co., supra; Com. v. American Steel Hoop Co., supra. A foreign corporation exercises no franchises here. The State has no control over it and cannot impose a tax upon it except as measured by its tangible property located in the State: Com. v. Ellis Co., 237 Pa. 328; Com. v. Curtis Publishing Co., 237 Pa. 333; Com. v. Barrett Manuf. Co., 246 Pa. 301.

The imposition of bonus is strictly a statutory matter, and we must look to the statute for the solution of this question. If the language of the acts is clear and unambiguous, the court is in duty bound to enforce them according to their obvious meaning, and is not at liberty to enlarge or limit their scope by any ideas it may have of what should be the policy of the legislature. This has been so often said that it is commonplace: Com. v. American C. & F. Co., 203 Pa. 302, 305. The bonus imposed on foreign corporations by the Act of May 8, 1901, "is upon the amount of their capital actually employed or to be employed wholly within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed." The capital employed, under this act, is measured by the property actually employed within the State and

not upon the proportionate value of the company's stock here employed: Com. v. Schwarschild & Sulzberger Co., 20 Dauphin Co. Reps. 6; Com. v. Mountain Ice Co., 16 Dauphin Co. Reps. 38, 22 Dist. R. 670; Com. v. Merchant Shipbuilding Corporation, 26 Dauphin Co. Reps. 89, 3 D. & C. 670.

Controlled by the authorities to which we have referred, we are clearly of the opinion that the defendant corporation has not established its right to an exemption for the payment of bonus charged against it in the settlement of the Auditor General and State Treasurer, and judgment in favor of the Commonwealth and against the defendant ought to be and is hereby ordered.

### Conclusion.

For the above-stated reasons, we conclude that the defendant is liable for the bonus on the whole of its capital and property employed in the State of Pennsylvania for the year 1926.

| | |
|---|---:|
| Amount of settlement Aug. 1, 1927 | $10,815.18 |
| Amount paid on account | 6,000.00 |
| | $4,815.18 |
| Interest from Sept. 30, 1927, being sixty days from the date of settlement, to Oct. 29, 1928, at 6 per cent | 316.98 |
| | $5,132.16 |

From George R. Barnett, Harrisburg, Pa.