## United Gas Improvement Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 42449, 43662.   Promulgated April 30, 1932.

*John H. Minds, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

TRAMMELL: The question raised in these proceedings is whether or not the payments made by the petitioner to the State of Pennsylvania on account of increases of its capital stock during the taxable years, under the circumstances indicated in the stipulated facts, constitute "taxes" within the purview of section 234 (a) (3) of the Revenue Act of 1926, which provides that in computing the net income of a corporation there shall be allowed as deductions, among other things, "taxes paid or accrued within the taxable year," with exceptions not important here.

The petitioner deducted the controverted amounts in computing its net taxable income, and contends that said amounts constitute deductible "taxes" within the meaning of the statute. The respondent disallowed the claimed deductions, and asserts that the Pennsylvania capital stock "bonus" is not a tax.

The name by which said payments were designated in the Pennsylvania statute is not necessarily controlling, nor is the designation given thereto by the state treasurer. They are referred to in the state statute as a "bonus," and they were accounted for by the treasurer as "corporation taxes." In order to determine whether

or not they are taxes, we must inquire into the purpose and essential nature of these exactions. *New Jersey* v. *Anderson*, 203 U. S. 483; *Choctaw & Gulf R. R. Co.* v. *Harrison*, 235 U. S. 292.

The revenue act does not define the term " taxes," and the word must, therefore, be given its ordinary and commonly accepted meaning as established by the judicial decisions.

In *Lane County* v. *Oregon*, 7 Wall. 71, 80, the Supreme Court quoted with approval the following definition:

A tax is an impost levied by authority of government upon its citizens, or subjects, for the support of the State. It is not founded on contract or agreement.

The same court has also approved the following definitions:

A " tax " says Webster's dictionary, " is a rate or sum of money assessed on the person or property of a citizen by government for the use of the nation or state." " Taxes are burdens or charges imposed by the legislature upon persons or property to raise money for public purposes." (Cooley on Constitutional Limitations, 479.)

Colter, J., in *Northern Liberties* v. *St. John's Church* (13 Pa. St. 104), says, very forcibly, " I think the common mind has everywhere taken in the understanding that taxes are a public imposition, levied by authority of the government for the purpose of carrying on the government in all its machinery and operations—that they are imposed for a public purpose." *Loan Association* v. *Topeka*, 20 Wall. 655, 664.

In the case of *Greensburg Coal Co.* v. *United States*, decided April 9, 1929, the District Court of the United States for the Western District of Pennsylvania held that an amount paid to the State of Pennsylvania as a bonus on an increase in its capital stock was not a tax within the meaning of the revenue act. This decision was rested squarely upon two prior decisions, as appears from the following statement contained in the court's opinion:

In support of this conclusion, we need only say that the Court of Appeals of this Circuit has ruled that the capital stock bonus paid by Pennsylvania corporations is not a tax. *Re York Silk Mfg. Co.*, 188 Fed. 735; *Penna.* v. *York Silk Mfg. Co.*, 192 Fed. 81.

The case of *Re York Silk Mfg. Co.*, *supra*, arose out of bankruptcy proceedings. The Commonwealth of Pennsylvania filed with the referee in bankruptcy a claim against the bankrupt, York Silk Manufacturing Company, for a " bonus " imposed by the State law (P. L. 1901, p. 5 ¶3), on account of an increase of the capital stock of the company. The capital stock had been increased prior to, but no return of increase had been made until after, the corporation had been adjudged a bankrupt. The Commonwealth contended that the " bonus " was a tax, and should therefore be allowed as a preferred

claim. The District Court, affirming the decision of the referee, held that the "bonus" was not a tax, but a consideration payable to the Commonwealth for a benefit conferred.

The United States Circuit Court of Appeals for the Third Circuit (192 Fed. 81), in affirming the decision of the District Court, said:

. The Supreme Court of Pennsylvania, we are advised, has never construed the Pennsylvania Act of 1901 respecting the payment of a bonus when the capital stock of a corporation is increased * * *. The Legislature denominated the payment a "bonus". A bonus is a debt, and, as a consideration for a grant by the state, it may be payable before or after the grant according to the terms of the statutory contract.

The "bonus" is required for the privilege of being permitted to increase capital stock. It is in the nature of a grant of authorization in consideration of a fee, rather than in the nature of an excise tax on the doing of certain things. It is not a recurring imposition. Even if such a requirement or obligation be placed in a revenue law, it is not material and certainly not determinative that it is a tax. Nor does it throw any light on the question that the "bonus" money is turned into the state treasury for public purposes. Fees are undoubtedly so turned in and used as well as taxes. In our opinion the so-called bonus was not a tax, but a fee, and as such is governed by our decision in the case of *Logan-Gregg Hardware Co.*, 2 B. T. A. 647, where we said: "Fees paid to a state on account of the increase of the capital stock of a corporation are capital expenditures and are not deductible in computing net income."

That a payment required to be paid to the state in connection with increase of capital stock may sometimes be held to be a fee and sometimes a tax, see *Holeproof Hosiery Co.*, 11 B. T. A. 547, and *Borg & Beck*, 24 B. T. A. 995. An analysis of the state law is required in each case.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SEAWELL dissents.