## UNITED GAS IMPROVEMENT CO. v. BURNET, Commissioner of Internal Revenue.

### Nos. 5022, 5023.

Circuit Court of Appeals, Third Circuit.

April 13, 1933.

John H. Minds, of Philadelphia, Pa., for petitioner.

Wm. Cutler Thompson and J. Louis Monarch, both of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John R. Gaskins, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DAVIS and THOMPSON, Circuit Judges.

### THOMPSON, Circuit Judge.

These are petitions for review of two decisions of the Board of Tax Appeals determining deficiencies in the income taxes of the petitioner for the years 1926 and 1927.

The petitioner is a corporation organized under the laws of Pennsylvania. During the year 1926 it increased its capital stock, and, on account of this increase, made a payment to the Secretary of the Commonwealth of the state of Pennsylvania, as required by the Pennsylvania Act of May 3, 1899, P. L. 189, § 1. In 1927 the petitioner increased its capital stock on nine different occasions, and, upon each such increase, made a bonus payment to the Secretary of the Commonwealth. The payments prior to April 20, 1927, were made as required by the above-cited act, and those thereafter as required by the Act of April 20, 1927, P. L. 322 (72 PS § 1821 et seq.). In computing its net income for the years 1926 and 1927, the petitioner deducted the amounts thus paid from its gross income upon the ground that the payment, designated a "bonus" in the act, is in fact and law a tax. The Commissioner of Internal Revenue disallowed the deduction. The Board of Tax Appeals approved the action of the Commissioner. The cases were consolidated for hearing before the Board of Tax Appeals and by stipulation of counsel were consolidated for argument before this court.

Payments so made by corporations to the Secretary of the Commonwealth are transmitted by him to the Treasury Department, placed in the general fund, and accounted for by the State Treasurer under the subtitle "Corporation Taxes." The salary of the Governor, those of his cabinet officers, the members of the Legislature, the judges, the state police, as well as other current expenses of the state government, are appropriated from this general fund.

The petitioner contends that a bonus, paid into the Treasury and used for the maintenance of agencies of the state government, is a tax, and, as such, is deductible within the meaning of section 234 (a) (3) of the Revenue Act of 1926, 26 USCA § 986 (a) (3), which provides:

"In computing the net income of a corporation subject to the tax imposed by section 981 [230] of this title there shall be allowed as deductions: * * *

"Taxes paid or accrued within the taxable year. * * *"

[1, 2] We do not think this contention tenable. The character of the payments is not determined by the uses to which the paid-in funds are appropriated. A bonus is a consideration paid to the state for the grant of the privilege or franchise of carrying on corporate business within the state. A tax, on the contrary, is not a consideration for the grant

of a privilege or franchise. It has been defined as "a charge or burden laid upon persons or property for public purposes; a forced contribution authoritatively imposed." Tevander v. Ruysdael (C. C. A.) 299 F. 746, 753. The view that a bonus is not a tax is sustained by the Pennsylvania decisions. In Commonwealth v. Erie & Western Transportation Co., 107 Pa. 112, 115, the Pennsylvania Supreme Court affirmed the lower court upon that court's opinion. In discussing the distinction between a bonus and a tax, it was there said: "* * * The idea of a consideration is always present when we speak of a bonus. Bouvier defines it thus: 'A premium paid to a grantor or vendor, as—the bank paid a bonus to the state for its charter. A consideration given for what is received.' So in [Baltimore & Ohio] Railroad Company v. Maryland, 21 Wall. 456 [22 L. Ed. 678], the distinction between a tax and a bonus is clearly drawn, and the stipulation contained in the charter of the Baltimore and Ohio Railroad Company, requiring it to pay to the state of Maryland one fifth of the whole amount received by it for the transportation of passengers, is declared on page 473 [of 21 Wall., 22 L. Ed. 678], to be nothing more or less than a bonus, such as a state has a right to exact for the grant of a franchise, and on the facts of that case the law imposing it was held valid, because it was a bonus and not a tax." Commonwealth v. Erie & Western Transportation Co., supra.

See, also, Commonwealth v. Danville Bessemer Co., 207 Pa. 302, 56 A. 871, decided upon authority of Commonwealth v. Erie and Western Transportation Co., supra.

This court has had occasion to differentiate between a bonus and a tax. In Re Com. of Pennsylvania v. York Silk Mfg. Co. (C. C. A.) 192 F. 81, an insolvent corporation increased its capital stock before adjudication in bankruptcy. The Commonwealth of Pennsylvania filed a claim as a preferred creditor of the bankrupt for the unpaid bonus. It contended that the bonus thus due was a tax and therefore constituted a preferred claim. The referee refused to consider the unpaid bonus as a preferred claim upon the ground that it was not a tax, but was a consideration payable to the Commonwealth for a benefit conferred. The District Court sustained the ruling of the referee, and its decision was affirmed by this court.

We are of the opinion that the Board of Tax Appeals rightly held that the bonus payments were not deductible as taxes. The decisions are affirmed.